UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

------------------------------------------------------------x

| | |
|---|---|
| In re: | PROMESA<br>Title III |
| THE FINANCIAL OVERSIGHT AND<br>MANAGEMENT BOARD FOR PUERTO RICO, | |
| as representative of | No. 17 BK 3283-LTS |
| THE COMMONWEALTH OF PUERTO RICO<br>et al., | (Jointly Administered) |
| Debtors.[1] | |

------------------------------------------------------------x

FINAL ORDER REGARDING (A) STAY PERIOD, (B) MANDATORY MEDIATION, AND
(C) CERTAIN DEADLINES RELATED THERETO

On July 24, 2019, the Court entered its Order Regarding Stay Period and Mandatory Mediation (Docket Entry No. 8244 in Case No. 17-3283), which was thereafter extended by further court orders (Docket Entry Nos. 9016 and 9661 in Case No. 17-3283) (collectively, the "Stay Order"). The Stay Order stayed the adversary proceedings and contested matters identified in Appendix I of the Stay Order and directed parties to such proceedings and matters to engage in mandatory mediation under the direction of Judge Barbara Houser, the Mediation Team Leader.[2]

---

[1] The Debtors in these Title III Cases, along with each Debtor's respective Title III case number and the last four (4) digits of each Debtor's federal tax identification number, as applicable, are the (i) Commonwealth of Puerto Rico (the "Commonwealth") (Bankruptcy Case No. 17-BK-3283-LTS) (Last Four Digits of Federal Tax ID: 3481); (ii) Puerto Rico Sales Tax Financing Corporation ("COFINA") (Bankruptcy Case No. 17-BK-3284-LTS) (Last Four Digits of Federal Tax ID: 8474); (iii) Puerto Rico Highways and Transportation Authority ("HTA") (Bankruptcy Case No. 17-BK-3567-LTS) (Last Four Digits of Federal Tax ID: 3808); (iv) Employees Retirement System of the Government of the Commonwealth of Puerto Rico ("ERS") (Bankruptcy Case No. 17-BK-3566-LTS) (Last Four Digits of Federal Tax ID: 9686); (v) Puerto Rico Electric Power Authority ("PREPA") (Bankruptcy Case No. 17-BK-4780-LTS) (Last Four Digits of Federal Tax ID: 3747); and (vi) Puerto Rico Public Buildings Authority ("PBA") (Bankruptcy Case No. 19-BK-5523-LTS) (Last Four Digits of Federal Tax ID: 3801) (Title III case numbers are listed as Bankruptcy Case numbers due to software limitations).

[2] Certain other contested matters and adversary proceedings, each addressed below, were made subject to the Stay Order by later orders of the Court. Such matters and

On October 24, 2019, the Court entered an order (Docket Entry No. 8962 in Case No. 17-3283, the "ERS Scheduling Order") lifting the stay imposed by the Stay Order as to certain litigation relating to the Employees Retirement System ("ERS") and establishing a related litigation schedule. On February 6, 2020, the Court entered an order (Docket Entry No. 10728 in Case No. 17-3283) approving a modified schedule for the litigation governed by the ERS Scheduling Order. This Order does not address such litigation or other litigation specific to ERS.

On November 27, 2019, the Mediation Team filed its Interim Report, through which it provided proposed interim scheduling orders for certain other contested matters and adversary proceedings addressing critical issues in the Title III cases and explained why it was not able to address scheduling with respect to all of the issues identified in the Stay Order at that time.[3] After notice and a hearing on the Interim Report, the Court entered interim orders lifting the litigation stay, and providing interim schedules for: (i) certain litigation concerning GO and PBA bonds (Docket Entry No. 9619 in Case No. 17-3283, the "Interim GO/PBA Order"), (ii) litigation concerning certain revenue bonds (Docket Entry No. 9620 in Case No. 17-3283, the "Original Interim Revenue Bonds Order"), and (iii) the motion for relief from stay filed by the DRA Parties (Docket Entry No. 9622 in Case No. 17-3283, the "Interim DRA Order").[4] The Court later entered an order modifying the Original Interim Revenue Bonds Order (Docket Entry No. 10595 in Case No. 17-3283, the "Amended Interim Revenue Bonds Order").

On February 10, 2020, the Mediation Team filed its Amended Report and Recommendation of the Mediation Team (Docket Entry No. 10756 in Case No. 17-3283, the "Amended Report"), through which it provided the Court with revised scheduling recommendations, consistent with the Stay Order and subsequent orders of the Court. The Court held a hearing on March 4, 2020, to consider the Amended Report and the responses filed thereto.

The Court, having reviewed carefully the Amended Report and all of the parties' submissions,[5] and having considered carefully the parties' arguments during the hearing on the

---

proceedings, together with the adversary proceedings and contested matters set forth on Appendix I to the Stay Order, are referred to collectively as the "Stayed Proceedings."

[3] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Amended Report.

[4] The "DRA Parties" are AmeriNational Community Services, LLC, as servicer for the GDB Debt Recovery Authority, and Cantor-Katz Collateral Monitor LLC.

[5] Responses to the Amended Report were filed by the Puerto Rico Fiscal Agency and Financial Advisory Authority (Docket Entry No. 11159); certain defendants in Adversary Proceeding No. 19-00280-LTS (Docket Entry No. 11242); Peter C. Hein (Docket Entry No. 11284), the Official Committee of Unsecured Creditors (Docket Entry No. 11482); the Financial Oversight and Management Board for Puerto Rico (Docket Entry No. 11492); Assured Guaranty Corp., Assured Guaranty Municipal Corp., National Public Finance Guarantee Corporation; Ambac Assurance Corporation, and Financial Guaranty Insurance Company (Docket Entry Nos. 11493, 11496, 11497, and 11498); AmeriNational Community Services, LLC as servicer for the GDB Debt Recovery

Amended Report, and for the reasons stated on the record at the hearing on the Amended Report, hereby orders that:

1. The Interim GO/PBA Order is set aside, and the contested matters and adversary proceedings addressed therein or filed in response thereto[6] are stayed, pending the Court's decision regarding confirmation of the Amended Plan. The *Omnibus Objection of Official Committee of Unsecured Creditors, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, to Claims Filed or Asserted Against Commonwealth by Holders of General Obligation Bonds Asserting Priority Over Other Commonwealth Unsecured Creditors* (Docket Entry No. 10638 in Case No. 17-3283) (the "UCC Priority Objection") is also stayed pending the Court's decision regarding confirmation of the Amended Plan. Notice will be provided to all parties to the above-referenced matters and proceedings, as well as to other affected bondholders, that the deadlines imposed in the Interim GO/PBA Order no longer apply and the UCC Priority Objection is now stayed. The Court concludes that the relief set forth in this paragraph serves the interests of conservation of resources and judicial efficiency, as it will help to avoid the unnecessary litigation of issues that will be resolved if the Amended Plan is ultimately confirmed.

2. The Amended Interim Revenue Bonds Order shall be modified to conform with the proposed Final Revenue Bonds Scheduling Order and entered on a final basis. The Court concludes that the sequencing of litigation set forth in the Final Revenue Bonds Scheduling Order, as entered contemporaneously herewith, is an appropriate and efficient use of available resources.

3. Those Stayed Proceedings not already exempted from the stay by Order of the Court shall be stayed, unstayed, or otherwise addressed, each as set forth on Appendix A to this Order, with appropriate notice provided to all parties in the subject contested matters and adversary proceedings. The Court concludes

---

Authority, and Cantor-Katz Collateral Monitor LLC, as Collateral Monitor for GDB Debt Recovery Authority (Docket Entry No. 11495); and the Ad Hoc Group of Constitutional Debtholders, Ad Hoc Group of General Obligation Bondholders, Lawful Constitutional Debt Coalition, and QTCB Noteholder Group (Docket Entry No. 11499).

[6] The underlying claim objections and adversary proceedings that were unstayed or permitted to be filed by the Interim GO/PBA Order but that shall be stayed pending the Court's decision on confirmation of the Amended Plan include (i) the Claim Objections, as defined in the Interim GO/PBA Order, (ii) the GO Lien Challenges, as defined in the Interim GO/PBA Order, (iii) the omnibus claim objection filed on January 8, 2020 by the Lawful Constitutional Debt Coalition [Docket Entry No. 9730 in Case No. 17-3283], and (iv) the miscellaneous debt limit claim objection filed on January 8, 2020 by the Official Committee of Unsecured Creditors [Docket Entry No. 9735 in Case No. 17-3283] (the "Miscellaneous Debt Limit Objection"). If the Amended Plan is confirmed, the Miscellaneous Debt Limit Objection shall be unstayed as to non- PRIFA BANs claims.

that the relief set forth in this paragraph serves the interests of conservation of resources and judicial efficiency, as it will help to avoid the unnecessary litigation of issues that will be resolved if the Amended Plan is ultimately confirmed.

4. Contested matters or adversary proceedings—other than contested matters initiated via timely objections to the Amended Plan or Amended Disclosure Statement—commenced after the date of this Order that address issues (i) being settled under the Amended Plan, or (ii) already joined in litigation that is being stayed pending a decision on confirmation, shall also be stayed pending such a decision, unless otherwise ordered by the Court. The Court concludes that the relief set forth in this paragraph appropriately channels issues related to the Amended Plan and Amended Disclosure Statement into coordinated litigation pathways and avoids the inefficiency of uncoordinated parallel litigation.

5. Parties may seek relief from any stay imposed by this Order upon a showing of good cause. The Court reserves the right to deny any such application summarily.

6. Parties to the Stayed Proceedings are required, as directed by the Mediation Team Leader, to participate in any discussions and communications facilitated by the Mediation Team Leader in respect of the Amended Plan.

7. The Mediation Team may request to revise or supplement its Amended Report and/or modify the orders entered in connection therewith (including this Order) for good cause shown.

8. The Oversight Board shall cause Prime Clerk, within five (5) business days of this Order, to serve copies of this Order upon (a) all individuals and entities who filed proofs of claim that are reflected on Prime Clerk's database as "bond claims" against the Commonwealth, (b) all individuals and entities who submitted Notices of Participation in accordance with the *Order, Pursuant to Bankruptcy Code Section 502 and Bankruptcy Rule 3007, Establishing Initial Procedures With Respect to Omnibus Objection of (I) Financial Oversight and Management Board, Acting Through Its Special Claims Committee, and (II) Official Committee of Unsecured Creditors, to Claims Filed or Asserted by Holders of Certain Commonwealth General Obligation Bonds and Granting Related Relief* (Docket Entry No. 5143 in Case No. 17-3283), and (c) all individuals and entities who are beneficial holders of (i) the 2011 GO Bonds, (ii) the PBA Bonds, and/or (iii) the 2012 A GO Bonds, the 2012 B GO Bonds, or the 2014 GO Bonds (each as defined in the Interim GO/PBA Order) in the manner described in the *Declaration of Christina Pullo of Prime Clerk LLC Regarding Service of Objection Notice Upon Beneficial Holders of Challenged GO Bonds*, annexed as Exhibit A to the *Informative Motion of (I) Financial Oversight and Management Board, Acting Through the Special Claims Committee, and (II) The Official Committee of Unsecured Creditors*

*Regarding Service of Objection Notice and Procedures Upon Beneficial Holders of Challenged GO Bonds* (Docket Entry No. 5049 in Case No. 17-3283).

9. Within five (5) business days of this Order, the Oversight Board shall cause this Order to be served on all defendants in the Clawback Litigation, the Underwriter Litigation, and the GO Lien Challenges.

10. DTC shall give notice to its Participants of this Order by posting a copy of said document to its Legal Notification System in accordance with DTC's Rules and customary procedures.

11. The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

SO ORDERED.

Dated: March 10, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

# Appendix A

| **Docket** | **Pleading Name / Adversary Proceeding Number** | **Disposition** |
|---|---|---|
| Docket Entry No. 7328 in Case No. 17-3283 | *Ambac Assurance Corporation's Motion for Entry of an Order Authorizing Discovery under Bankruptcy Rule 2004 Concerning PRIFA Rum Taxes* | Motion to be denied without prejudice |
| Docket Entry No. 7640 in Case No. 17-3283 | *Motion to Stay Contested Matters Pending Confirmation of Commonwealth Plan of Adjustment* | Motion to be granted |
| Docket Entry No. 7814 in Case No. 17-3283 | *Renewed Motion of the Ad Hoc Group of General Obligation Bondholders, under Bankruptcy Code Sections 105(A) and 502 and Bankruptcy Rule 3007, Establishing Procedures with Respect to Omnibus Conditional Objection to Claims Filed or Asserted by the Public Buildings Authority, Holders of Public Buildings Authority Bonds, and Holders of Certain Commonwealth General Obligation Bonds* | Motion to remain stayed pending decision on confirmation of Amended Plan |
| Docket Entry No. 7882 in Case No. 17-3283 | *Urgent Motion for Stay of Adversary Proceeding Supplemental to Pending Motion to Stay GO Bond Proceedings Pending Confirmation of Commonwealth Plan of Adjustment* | Motion to be granted |
| Docket Entry No. 8000 in Case No. 17-3283 | *Objection of Official Committee of Unsecured Creditors to Claim of Government Development Bank for Puerto Rico against Commonwealth of Puerto Rico [Claim Number 29,485]* | Objection to remain stayed pending decision on confirmation of Amended Plan; objection to be unstayed and go forward thereafter |
| Docket Entry No. 8020 in Case No. 17-3283 | *Ambac Assurance Corporation's Motion to Strike Certain Provisions of the Plan Support Agreement By and Among the Financial Oversight and Management Board for Puerto Rico, Certain GO Holders, and Certain PBA Holders* | Motion to be denied without prejudice |

| Docket | Pleading Name / Adversary Proceeding Number | Disposition |
|---|---|---|
| Docket Entry No. 99 in Adv. Proc. No. 18-149 | *Plaintiff Financial Oversight and Management Board for Puerto Rico's Motion to Stay PBA Adversary Proceeding Pending Confirmation of Commonwealth Plan of Adjustment* | Motion to be granted |
| Adversary Proceeding | 18-AP-59 | AP to remain stayed pending decision on confirmation of Amended Plan |
| Adversary Proceeding | 19-AP-269 | AP to remain stayed pending decision on confirmation of Amended Plan |
| Adversary Proceeding | 19-AP-280 | AP to be stayed pending decision on confirmation of Amended Plan and unstayed if Amended Plan is confirmed and becomes effective |
| Adversary Proceedings | 19-AP-281; 19-AP-282; 19-AP-283; 19-AP-284; 19-AP-285; 19-AP-286; 19-AP-287; 19-AP-288 | APs to remain stayed pending decision on confirmation of Amended Plan |
| Adversary Proceedings | 19-AP-362; 19-AP-363; 19-AP-364; 19-AP-365 | APs to remain stayed until such time as Court orders stay lifted or a plan of adjustment is confirmed for HTA |